The opinion of the Court was delivered by
Johnson, J.
Our insolvent laws provide, that, upon the assignment of an insolvent estate,' the assignee may take possession of it and sue in his own name, in the same manner as the assignees of bankrupts may lawfully do, according to the laws of Great Britain.
That the bankruptcy of the plaintiff pending a suit, is a bar to the action, and may be pleaded whilst the defendant has day in Court, was adjudged in Kimiear vs. Tarrant, 15 East, 622. The principle upon which the case proceeds is, that the assignment divests the bankrupt of the property in the subject matter of the suit, and that is a legal bar which the Court cannot set aside: and that was a case in which the assignees came into Court to prosecute a suit commenced by the bankrupt in *520 his name. But I confess I am much better satisfied with the equity of C. J. Wilmot’s reasoning, Hewit vs. Mantell, 2 Wils. 374. “ There was, he says, no foundation to say that the plaintiff’s bankruptcy abates the suit. Courts of Law have interfered equitably in many cases of bankruptcy, and if upon the whole case they can see, that the assignees are entitled to recover, they will use their utmost sagacity and astutia to give them judgmentand there the assignees were permitted to prosecute a scire facias in the name of the bankrupt.
Instances are not wanting in our own Courts in which the technical rule has been departed from-in furtherance of the justice of the case. The case of Holstein vs. Taylor, decided during the present sitting, is an instance of it. There, in an action on a note, the defendant would have given in evidence a release from the plaintiff, but it appeared that the plaintiff had before sold the note to a third person, for whose benefit the suit was prosecuted, and that fact was known to defendant; and the Court refused to allow the release, because it was a fraud upon the real owner of the note.
The only argument in favor of the strict rule is, that possibly the defendant may wish to examine the plaintiff as a witness, which is thrown out in Kinnear vs. Tarrant, but on the other hand there is a certain loss' to the insolvent of the costs of the suit. We are not shackeled with any precedents of our own ; and the necessary delay to the assignees, and, above all, the probability that the statute of limitations will bar their action, dispose me to adopt the rule in Hewit vs. Mantell and to allow the assignees of an insolvent to prosecute a suit commenced by him before assignment at any stage of the proceedings. It is right however that the defendant should be secured in his costs? and in analogy to actions brought on bonds given to the Ordinary and Treasurer, the assignees will be required to suggest the assignment on the record and enter into a written consent to pay costs if they fail in their action.
The counsel for the plaintiff has not pressed his motion to *521 rescind the order requiring the assignees to give security for costs, and it will therefore be permitted to stand as a substitute for their written consent.
O’Neall and Harper, JJ., concurred.

Motion dismissed.